IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL LAREY and
TONI LAREY, et al.,                                                    PLAINTIFFS

v.                                      Case No. 4:14-cv-04008

ALLSTATE PROPERTY AND
CASUALTY COMPANY                                                       DEFENDANT

## **ORDER**

Before the Court is the parties' Agreed Motion Regarding Confidentiality Order.  (ECF No. 46).  The parties, through counsel, have agreed to the form and entry of this Order to ensure confidentiality of certain non-public information that a party considers confidential.  The Court finds that the parties' Motion should be GRANTED.  The Agreed Confidentiality Order reads as Follows:

1.      Scope

This Order governs all materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom.  The Local Rules of the Western District of Arkansas and the Federal Rules of Civil Procedure govern calculation of time concerning matters in this Order.

2.      Confidential Information.

"Confidential Information" means information designated as"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party who, in good faith, believes the information designated falls within one or more of the following categories:

(a) information prohibited from disclosure by statute;

(b) information that reveals trade secrets;

(c) research, technical, commercial or financial information that the party has maintained as confidential;

(d) medical information concerning any individual;

(e) personal information of individual persons, including policyholders;

(f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

(g) proprietary business information or research; or

(h) personnel or employment records of a person who is not a party to the case.

Information or documents that are available to the public may not be designated as Confidential Information.

3.      Designation

(a)      A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  "Copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" must be applied prior to or at the time the documents are produced or disclosed.  Marking the document "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies of documents marked "CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER" must also be so marked, except that indices, electronic databases or documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)     The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.

4.     Depositions

All deposition testimony taken in this case is treated as Confidential Information until the expiration of the 14th business day after the transcript is delivered to any party.  Deposition testimony designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken is protected by this Order.  Any party may also designate deposition testimony as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by notifying all parties in writing within 14 business days after receipt of the final transcript.  All transcript designations must specify the portions containing Confidential Information.

This provision shall not prevent a witness from reviewing his or her deposition for correctness and signing or correcting her or his deposition during the 14-day period after receipt of the transcript.

5.     Protection of Confidential Material

(a)     General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) below for any

purpose whatsoever other than in this litigation, including any appeal.  Confidential Information may be disclosed only to the named plaintiff and not to any other member of the putative class unless and until a class including the putative member has been certified.

       (b)     Limited Third-Party Disclosures.  The parties and counsel for the parties may not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

       (i)     Counsel for the parties and employees of counsel who have responsibility for the action;

       (ii)     Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation;

       (iii)     Persons identified within the document in which the information is disclosed;

       (iv)     The Court and its personnel;

       (v)     Court reporters and recorders engaged for depositions;

       (vi)     Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

       (vii)     Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(viii)    Witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.  Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(ix)     The author or recipient of the document (not including a person who received the document in the course of litigation); and

(x)     Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)     Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.  Counsel must maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.     Inadvertent Failure to Designate

An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party will be found to have violated this Order for failing to

5

maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.      Filing of Confidential Information

All Confidential Information filed with the Court shall be filed in a sealed container on which must be written the caption of this action, the nature of the contents, the identity of the party filing the materials, and a statement in substantially the following form:

Contains Confidential Information

Subject to Protective Order

Open Only as Directed by the Court

8.      No Greater Protection of Specific Documents

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      Challenges by a Party to Designation as Confidential Information

The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to such a challenge.

(a)     Meet and Confer.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the

designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

(b)     Judicial Intervention. If the parties cannot resolve the dispute after good faith effort, the challenging party may file and serve a motion identifying the challenged material and sets forth in detail the basis for the challenge.  The motion must be accompanied by a declaration that affirms that the movant met with opposing counsel and resolution was unsuccessful.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

(c)     Action by the Court.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be made by motion.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10.     Use of Confidential Documents or Information at Trial

Nothing in this Order affects the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information

at trial.

11.     Confidential Information Subpoenaed  or Ordered Produced  in Other Litigation

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party will bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

8

12.     Challenges by Members of the Public to Sealing Orders.

A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

13.     Obligations on Conclusion of Litigation

(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order will remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;  or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)     Retention of Work Product  and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain one copy as attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information will continue to be protected under this Order.  An attorney may

9

use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

14.     Order Subject to Modification

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

15.     No Prior Judicial Determination

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order is a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.     Persons Bound

This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED**, this 16th day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

10