IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


MICHAEL H. LAREY, individually
and on behalf of all others similarly
situated                                                                PLAINTIFF


v.                              Case No. 4:14-cv-4008


ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                       DEFENDANT


## ORDER

Before the Court is Plaintiff's Agreed Motion for Preliminary Approval of Class Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives, Appointment of Class Counsel. (ECF No. 65). Plaintiff and Defendant Allstate Property and Casualty Insurance Company ("Allstate") have agreed—subject to Court approval—to settle this litigation pursuant to the terms and conditions stated in the Stipulation of Settlement (the "Stipulation") filed with the Court on June 2, 2017. (ECF No. 65-1). On August 28, 2017, the Court held a hearing regarding the motion. The Court finds this matter ripe for consideration.

Pursuant to Federal Rule of Civil Procedure 23(e), the Court must approve this class action settlement before it becomes effective. Review of a proposed class action settlement typically proceeds in two stages. "At the first stage, the parties submit the proposed settlement to the Court, which must make 'a preliminary fairness evaluation.'" *Martin v. Cargill, Inc.*, 295 F.R.D. 380, 383 (D. Minn. 2013) (quoting Fed. Judicial Ctr., *Manual for Complex Litigation, Fourth* ("MCL"), § 21.632). "If the proposed settlement is preliminarily acceptable, the Court then directs that notice be provided to absent class members, in order to afford them an

opportunity to be heard on, object to, and opt out of the settlement." *Id.* (citing Fed. R. Civ. P. 23(c)(3), (e)(1), (e)(5)).

When making a preliminary fairness evaluation, the "fair, reasonable, and adequate" standard imposed by Rule 23(e)(2) is lowered, and the Court's focus is on whether the settlement is "within the range of possible approval due to an absence of any glaring substantive or procedural deficiencies." *Schoenbaum v. E.I. Dupont De Nemours and Co.*, No. 4:05-cv-1108 ERW, 2009 WL 4782082, at *3 (E.D. Mo. 2009). Although proposed settlements are presumptively reasonable at the preliminary-approval stage, the Court must nonetheless "consider issues such as whether the settlement carries the hallmarks of collusive negotiation or uninformed decision-making, is unduly favorable to class representatives or certain class members, or excessively compensates attorneys." *Id.* "Because there is typically no client with the motivation, knowledge, and resources to protect its own interests, the judge must adopt the role of a skeptical client and critically examine the class certification elements, the proposed settlement terms, and procedures for implementation." MCL at § 21.61.

**IT IS HEREBY ORDERED THAT**:

1.     The Stipulation is incorporated by reference in this Order, and all terms defined in the Stipulation shall have the same meanings in this Order.

2.     The Stipulation and Proposed Settlement are preliminarily approved as fair, adequate, and reasonable, and Plaintiffs' motion for preliminary approval of the Proposed Settlement is hereby **GRANTED** in all material respects, subject to further consideration at the Final Approval Hearing. However, the Court does find that the Stipulation must be amended in certain non-material respects, as specifically noted below. Provisions of this Order that deviate from the terms of the Stipulation will be underlined.

3.     Contingent upon final approval of the Proposed Settlement, and pursuant to Federal Rule of Civil Procedure 23, Plaintiff's motion for preliminary class certification is hereby **GRANTED**.  The following Class is conditionally certified for settlement purposes only:

> All Persons in Arkansas who had a Covered Loss, where estimated labor depreciation was initially deducted from the claim payment, and where the claim was paid at less than the limit of liability (accounting for deductible) as set forth on the declarations page of the applicable Policy.

> Excluded from the Class are:

> (1) Persons who received indemnification payment(s) for full replacement cost with no initial deduction of any estimated labor depreciation;

> (2) Persons who received indemnification payment(s) in the full amount of limit of liability shown on the declarations page of their Policy;

> (3) Allstate and its affiliates, officers, and directors;

> (4) Members of the judiciary and their staff to whom this action is assigned; and

> (5) Class Counsel.

> "Covered Loss" means a first party insurance claim for physical damage, with a date of loss from December 7, 2010 to November 22, 2013 on an Arkansas homeowners insurance policy issued by Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate Vehicle and Property Insurance Company, or North Light Specialty Insurance Company that resulted in an indemnity payment by any of those companies under Coverages A or B.

4.     Michael H. Larey is preliminary appointed as the representative of the Class  (the "Representative Plaintiff"), and the Court preliminarily finds that the following attorneys for Plaintiff satisfy the adequacy requirement of Federal Rule of Civil Procedure 23, and appoints such as counsel for the Class ("Class Counsel"):

D. Matt Keil
John C. Goodson
**KEIL & GOODSON P.A.**
406 Walnut Street
Texarkana, AR 71854

R. Martin Weber, Jr.
Richard E. Norman
**CROWLEY NORMAN LLP**
Three Riverway
Suite 1775
Houston, TX 77056

James M. Pratt, Jr.
**JAMES M. PRATT, JR. P.A.**
144 Washington NW
P.O. Box 938
Camden, AR 71701

Matthew L. Mustokoff
Richard A. Russo, Jr.
**KESSLER TOPAZ MELTZER
   CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087

William B. Putman
**TAYLOR LAW PARTNERS**
303 E. Millsap Road
P.O. Box 8310
Fayetteville, AR 72703

A.F. "Tom" Thompson, III
Kenneth P. Castleberry
**MURPHY, THOMPSON, ARNOLD,
   SKINNER & CASTLEBERRY**
P.O. Box 2595
555 East Main Street
Suite 200
Batesville, AR 72503

Jason Earnest Roselius
Jack Austin Mattingly, Jr.
Tanner Hicks
**MATTINGLY & ROSELIUS, PLLC**
13182 N. MacArthur Blvd.
Oklahoma City, OK 73142

5.      If final approval of the Proposed Settlement is not granted, this Order, including the above description of the Class, the preliminary certification of the Class, and the preliminary appointment of the Representative Plaintiff and Class Counsel, shall be automatically vacated.  If the Stipulation is terminated, disapproved, or materially altered in whole or in part by the Court, any appellate court(s), or any other court of review, or if the Stipulation is terminated as provided in Paragraphs 66-67 of the Stipulation; the Stipulation or any provision of the Stipulation or the fact of the Stipulation having been made, shall not be admissible or entered into evidence, referenced or cited for any purpose whatsoever and shall not be subject to discovery as provided in Paragraph 70 of the Stipulation.

6.      Pending a final determination of whether the Proposed Settlement should be approved as fair, reasonable, and adequate, neither Representative Plaintiff nor any potential Class Member who has not opted out, whether directly, indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in, support, or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against Allstate that is based on, relates to, or involves any of the claims, facts, circumstances, or subject matters of this Lawsuit or the Stipulation.  Accordingly, the Court hereby preliminarily enjoins Representative Plaintiff and any Class Member who has not opted out from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.

7.      Epiq Class Action & Claims Solutions, Inc. (the "Administrator") is preliminarily appointed as third- party administrator.

8.      The Parties have prepared the Class Notice, Claim Form, and Publication Notice, which have been submitted to the Court as Exhibits 2, 3, and 4 to the Stipulation.  (ECF No. 65-1).  As set forth herein, the Court has reviewed and approves these forms.  Counsel for the Parties, along with the Administrator, are authorized to complete any missing information and to make any non-substantive revisions to these documents, as necessary to fulfill the purposes of the Settlement.

9.      As soon as practicable after the entry of this Order, but in any event no more than thirty (30) days after entry of this Order, Allstate shall conduct a reasonable search and make reasonable inquires of its records during the Class Period and provide to the Administrator the following information, if reasonably available:  the name, last known address, date of loss, policy number, claim number, the total amount of dwelling and other structures payment(s), and the

address of the insured premise(s) of each Person who is a potential Class Member.

10.     Prior to mailing the Class Notice and Claim Form, the Administrator will run these addresses through the National Change of Address Database ("NCOA"), for a more current name and/or address for each potential Class Member.  Thereafter, the Administrator shall send a copy of the Class Notice and a Claim Form by first-class mail to each potential Class Member for whom Allstate has ascertained a name and address.

11.     Upon completion of the updating efforts, the Administrator shall use its best efforts to complete the mailing of the Class Notice and Claim Form to potential Class Members not less than sixty (60) days prior to the Final Approval Hearing.

12.     If any Class Notice and/or Claim Form mailed to any potential Class Member is returned to the Administrator as undeliverable, the Administrator will promptly log each Class Notice and/or Claim Form that is returned as undeliverable and provide copies of the log to Allstate's Counsel and Class Counsel, as requested.  If such a mailing is returned with a forwarding address, the Administrator will forward the returned mailing to that address.  For any returned Class Notice and/or Claim Form without a forwarding address, the Administrator will use LexisNexis AllFind research to attempt to find a current address and will re-mail the Class Notice and/or Claim Form to any new address obtained through such a search.  The Class Notice and Claim Form will also be available to Class Members upon request to the Administrator, who shall send these documents via first-class mail as requested by any potential Class Member.

13.     The Court finds that the procedures set forth in the preceding paragraphs constitute reasonable and best notice practicable under the circumstances and an appropriate and sufficient effort to locate current addresses of Class Members such that no additional efforts to do so shall be required.  Upon request, Allstate and the Administrator shall provide Class

Counsel reasonable access to the notice process as they may need to monitor compliance with the notice campaign.

14.     In addition to the Class Notice and Claim Form mailed in accordance with the preceding paragraphs, the Administrator shall establish an automated toll-free telephone number and a settlement website that will contain information on the Stipulation, relevant pleadings, the opt-out form, and information regarding how to obtain a copy of the Stipulation, including exhibits to the Stipulation; further, the Administrator shall also cause the Publication Notice to be published twice in the Arkansas Democrat-Gazette – the first publication will be <u>forty-five (45) days prior to the Final Approval Hearing and the second publication will be five (5) days after the Final Approval Hearing</u>.  <u>The Publication Notices shall indicate in their bold heading that this settlement involves Allstate.</u>

15.     At or before the Final Approval Hearing, the parties shall file a proof of mailing the Class Notice and Claim Form from the Administrator.

16.     The Court preliminarily finds that the dissemination of the Class Notice and Claim Form under the terms and in the format provided for in this Order, together with the establishment of an automated toll-free telephone number and settlement website, and the Publication Notice as set forth above, constitutes the best practicable notice under the circumstances; is reasonably calculated to apprise all potential Class Members who can be identified through reasonable effort of:  the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing; and meets the requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

17.     The costs of providing notice and effectuating all other settlement administration

shall be borne by Allstate, as provided in the Stipulation.

18.     The Court will hold a Final Approval Hearing to consider the fairness, reasonableness, and adequacy of the Proposed Settlement at 9:00 a.m., February 1, 2018, at the United States Courthouse, Texarkana, Arkansas.  This date shall be set forth in the Class Notice. During the Final Approval Hearing, the Court will consider and determine, *inter alia*:

      a.      Whether the Stipulation for this Lawsuit should be approved as fair, reasonable, and adequate,

      b.      Whether this action should be certified as a class action for settlement purposes only and whether the requirements of;

      c.      Whether this Lawsuit should be dismissed with prejudice pursuant to the terms of the Stipulation;

      d.      Whether members of the Class should be bound by the Release set forth in the Stipulation;

      e.      Whether members of the Class (who have not opted out), whether acting individually or together, should be permanently enjoined from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims; and

      f.      Whether and in what amount Class Counsel's application for an award of attorneys' fees and expenses, and the Representative Plaintiff's request for a service award should be approved;

      g.      Objections, if any, made to the Proposed Settlement or any of its terms.

Upon a showing of good cause, the Final Approval Hearing may be postponed, adjourned, or rescheduled by the Court without further notice to the members of the Class.  Any rescheduled date for the Final Approval Hearing will be posted on the Settlement Website.  All briefs and materials in support of an Order for final approval and judgment and for a service award to the Representative Plaintiff and payment to Class Counsel for its attorneys' fees and costs shall be filed with this Court no later than five (5) days prior to the Final Approval Hearing.

19.     Class Members who wish to exclude themselves from the Class must complete

an opt-out form, which will be available on the settlement website, and electronically submit or mail the completed opt-out form to the Administrator no later than twenty (20) days prior to the Final Approval Hearing.

20.     All Class Members who do not request exclusion in the manner set forth in the Stipulation shall be bound by all proceedings, orders, and judgments in the Lawsuit, which will have preclusive effect in all pending or future lawsuits or other proceedings, except that Allstate, in its sole discretion, may allow a potential Class Member who does not timely request exclusion from the Class to opt out of the Class up to and including the date of the Final Approval Hearing.

21.     Class Members who do not request exclusion from the Class may object to the Proposed Settlement by filing with the Court and mailing to the Administrator, a written notice of intent to object as provided in the Stipulation no later than twenty (20) days before the Final Approval Hearing.  The right to object to the Proposed Settlement must be exercised individually by a Class Member, not as a member or representative of a group or subclass, except in the case of a legally authorized representative on behalf of a deceased, minor, or incapacitated Class Member.  To be considered, the written notice of intent to object to the Proposed Settlement should:

    a.     Contain a heading which includes the name of the case and case number of this Action;

    b.     Provide the Objector's name, address, telephone number, and signature;

    c.     Indicate the specific reasons why the Objector objects to the Proposed Settlement;

    d.     Be filed with the Clerk of Court no later than twenty (20) days prior to the Final Approval Hearing;

    e.     Be sent to the Administrator by first-class mail, and postmarked no later than twenty (20) days prior to the Final Approval Hearing;

> f.     Contain the name, address, bar number, and telephone of the Objector's counsel, if represented by an attorney; and
>
> g.     State whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel.

In addition, a notice of intent to object should contain the following additional information if the Objector or his/her attorney requests permission to speak at the Final Approval Hearing:

> i.     A detailed statement of the specific legal and factual basis for each and every objection;
>
> ii.     A list of any and all witnesses whom the Objector may call at the Final Approval Hearing, along with the address of each witness and a summary of his/her proposed testimony;
>
> iii.     A detailed description of any and all evidence the Objector may offer at the Final Approval Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Approval Hearing; and
>
> iv.     Documentary proof of membership in the Settlement Class.

An Objector who does not include the above information in his/her notice of intent to object will likely be limited in speaking and presenting evidence or testimony at the Final Approval Hearing and may be prevented from doing so entirely.

22.     Any Class Member who does not file and mail a timely and complete written notice of intent to object in accordance with the Stipulation, waives the right to object or to be heard at the Final Approval Hearing and is barred from objecting to the Proposed Settlement. However, the Court retains discretion to hear objections absent full, technical compliance with this Order upon a showing of good cause for failure to comply.

23.     The Administrator shall provide Allstate's Counsel and Class Counsel with copies of any and all objections or opt-out forms received by the Administrator.

24.     At or before the Final Approval Hearing, Class Counsel shall file with the Court a declaration stating the number of Class Members who have timely excluded themselves from the Class, the number of returned Class Notices, and the number of Objectors.

25.     Class Members will be provided an opportunity to submit Claim Forms in the

form attached to the Stipulation as Exhibit 3, requesting Claim Settlement Payments in accordance with the terms of the Stipulation.

26.     Any Class Member who has not submitted a timely, complete opt-out form and who has returned a timely, complete Claim Form that has been approved by the Administrator may receive a Settlement Check according to the terms of the Stipulation, if the Effective Date occurs.

27.     Not less than five (5) days prior to the Final Approval Hearing, Class Counsel shall file with the Court a motion seeking the Court's final approval of the Proposed Settlement and Stipulation and entry of the final judgment in the form and content attached to the Stipulation as Exhibit 5.  Allstate, in its sole discretion, may also file a brief in support of final approval of the Proposed Settlement.

28.     This Order shall not be construed or used as an admission, concession or declaration by or against Allstate of any fault, wrongdoing, breach or liability, or of the appropriateness of certifying a class for litigation purposes.   Nor shall the Order be construed or used as an admission, concession, or declaration by or against the Representative Plaintiff or the members of the Class that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have.

29.     The Proposed Settlement is preliminarily approved as fair, reasonable, adequate, and in the best interest of the Class Members.  The Parties and the Administrator are directed to implement the terms of the Proposed Settlement in accordance with the Stipulation.

30.     The parties are directed to amend the Stipulation and reflect the modifications noted in this Order.  A finalized, amended Stipulation must be filed with the Court for approval by no later than October 2, 2017.  Once the Court has approved the amended Stipulation, no additional amendments may be made without prior approval of the Court.

31.     Upon a showing of good cause, the Court may extend any of the deadlines set

forth in this Order without further notice to the Class.

32.     Except for proceedings in furtherance of the Proposed Settlement, this action is stayed pending further order from the Court.  The trial of this matter, currently set for February 20, 2018, is cancelled.

**IT IS SO ORDERED**, this 25th day of September, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge