IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL H. LAREY, individually
and on behalf of all others similarly
situated                                                                    PLAINTIFF


v.                                    Case No. 4:14-cv-4008


ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                     DEFENDANT

## FINAL ORDER AND JUDGMENT

Before the Court is Plaintiff's Agreed Motion for Final Approval of Class Action
Settlement, Class Certification for Settlement Purposes, Appointment of Class Representatives and
Appointment of Class Counsel ("Motion for Final Approval"). (ECF No. 73). Also before the
Court is Class Counsel's Motion for Attorneys' Fees and Costs Related to the Stipulation of
Settlement and Request for Fee Award to Class Representatives ("Class Counsel's Application for
Fees"). (ECF No. 75). Plaintiff and Defendant have agreed—subject to Court approval—to settle
this litigation pursuant to the terms and conditions stated in the Amended Stipulation of Settlement
filed with the Court on October 2, 2017. (ECF No. 71-1). On February 1, 2018, the Court held a
final approval hearing on the motions. The Court finds the matter ripe for consideration.

## I. FINDINGS OF FACT

1.       Michael H. Larey, the sole remaining named Plaintiff, filed the operative complaint,
the Second Amended Class Action Complaint (the "Complaint"), alleging that Allstate Property
and Casualty Insurance Company ("Allstate") violated applicable law and breached its contracts
with insureds by depreciating labor when calculating actual cash value payments for structural
claims. Allstate has denied, and still denies, any liability, wrongdoing, and damages with respect

to the matters alleged in the Complaint.

2.      After litigation between the Parties and arms-length negotiations between Class Counsel and Allstate's counsel, the Parties reached a settlement that provides substantial benefits to the Class, in return for a release and dismissal of claims against Allstate.  The Settlement was reached after the Parties had engaged in extensive and lengthy negotiations and mediation before United States Magistrate Judge Barry A. Bryant.  Class Counsel was therefore well positioned to evaluate the benefits of the Settlement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

3.      Plaintiff and Allstate executed the Stipulation of Settlement and exhibits thereto on May 31, 2017.  Plaintiff and Allstate executed a Revised Stipulation of Settlement and exhibits thereto (collectively, the "Stipulation") on October 2, 2017.

4.      The Stipulation is hereby incorporated by reference in this Final Order and Judgment, and the definitions and terms set forth in the Stipulation are hereby adopted and incorporated into and will have the same meanings in this Final Order and Judgment.

5.      On June 2, 2017, the Parties filed with the Court the original Stipulation of Settlement, along with a Motion for Preliminary Approval of the Proposed Settlement.

6.      On August 28, 2017, the Court held a hearing to consider the preliminary approval of the Proposed Settlement.

7.      On September 25, 2017, the Court entered its Order Preliminary Approving Class Settlement ("Preliminary Approval Order"), preliminarily approving the Stipulation, preliminarily certifying the Class as a class action for settlement purposes only, and scheduling a hearing for February 1, 2018, at 9:00 a.m. to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order and the Stipulation ("Final Approval

Hearing").

8.    As part of its Preliminary Approval Order, the Court conditionally certified for settlement purposes only a class ("Settlement Class") defined as follows:

> All Persons in Arkansas who had a Covered Loss, where estimated labor depreciation was initially deducted from the claim payment, and where the claim was paid at less than the limit of liability (accounting for deductible) as set forth on the declarations page of the applicable Policy.
>
> Excluded from the Class are:
>
> (1)   Persons who received indemnification payment(s) for full replacement cost with no initial deduction of any estimated labor depreciation;
>
> (2)   Persons who received indemnification payment(s) in the full amount of limit of liability shown on the declarations page of their Policy;
>
> (3)   Allstate and its affiliates, officers, and directors;
>
> (4)   Members of the judiciary and their staff to whom this action is assigned; and
>
> (5)   Class Counsel.
>
> "Covered Loss" means a first party insurance claim for physical damage, with a date of loss from December 7, 2010 to November 22, 2013 on an Arkansas homeowners insurance policy issued by Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate Vehicle and Property Insurance Company, or North Light Specialty Insurance Company that resulted in an indemnity payment by any of those companies under Coverages A or B.

9.    On January 26, 2018, Plaintiff moved the Court for Final Approval of the terms of the Proposed Settlement and for the entry of this Final Order and Judgment.  In support, Plaintiff submitted, *inter alia*, evidence showing:  the dissemination and adequacy of the Class Notice and Claim Form; the publication of the Publication Notice; the establishment of an automated toll-free telephone number and settlement website; the names of potential Class Members who, per the terms of the Stipulation, submitted a timely and proper request for exclusion from the Class; the

negotiation of the Stipulation; the fairness, reasonableness, and adequacy of the Stipulation; and the fairness, reasonableness, and adequacy of Class Counsel's Application for Fees. In support of the Motion for Final Approval, Plaintiff submitted a Brief in Support, setting forth extensive argument and authority along with various exhibits attached thereto. Class Counsel's Application for Fees also contained both extensive argument and authority.

10.     Plaintiff offered at the Final Approval Hearing the following evidence in support of the Motion for Final Approval and Class Counsel's Application for Fees:

| Exhibit No. | Description |
| :---: | :---: |
| 1 | DECLARATION OF MATT KEIL |
| 2 | DECLARATION OF MICHAEL H. LAREY |
| 3 | DECLARATION OF CAMERON R. AZARI |

The Court admitted Plaintiff's Exhibits 1-3 into evidence for all purposes.

11.     Plaintiff and the Administrator have satisfactorily demonstrated that the Class Notice and Claim Form was mailed, that the Publication Notice was published, and that an automated toll-free telephone number and settlement website were established in accordance with the Stipulation and Preliminary Approval Order.

12.     The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715 *et seq.*, have been sent and that Allstate has fully complied with the notice requirements under that Act.

13.     The Settlement provides substantial monetary benefits to Class Members who timely submit completed Claim Forms. In addition, Allstate has agreed to fund the costs of notice and settlement administration. The claims procedure established under the Stipulation is uniform and fair, and provides Class Members with an extended and ample opportunity to receive

settlement payments as described in the Stipulation.

14.     All potential Class Members were provided an opportunity to request exclusion as provided in the Stipulation.  The Court finds that the individual interests of those Class Members who timely sought exclusion from the Class are preserved and that no Class Member was precluded from being excluded from the Class if he or she so desired.  Those Class Members who timely and properly excluded themselves from the Class are identified in the attached Exhibit 1.

15.     Class Members who did not timely file and serve an objection in writing to the Stipulation, to the entry of this Final Judgment, or to Class Counsel's Application for Fees, in accordance with the procedure set forth in the Stipulation and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

16.     At the Final Approval Hearing, the Court considered, among other matters described herein, (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and the adequacy of the Stipulation; and (c) the fairness and reasonableness of Class Counsel's Application for Fees under applicable law.  The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Allstate's counsel, but also rigorously and independently evaluated the Stipulation and Class Counsel's Application for Fees on behalf of Class Members, and as such, the Court considered arguments that could reasonably be made against approval of the Stipulation and Class Counsel's Application for Attorneys' Fees, even though such arguments were not actually presented to the Court by pleading or oral argument.

17.     On the basis of the matters presented in this Lawsuit and the provisions of the Stipulation, the Court is of the opinion that the Proposed Settlement is a fair, reasonable, and

adequate compromise of the claims against Allstate, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  In considering a number of factors, the Court finds that:

a.    The liability issues in this Lawsuit and the suitability of this Lawsuit for certification of a litigation class have been vigorously contested, particularly with respect to litigation manageability requirements;

b.    This Proposed Settlement has the benefit of providing substantial benefits to Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

c.    The Proposed Settlement is clearly a byproduct of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel or Allstate; and

d.    Class Counsel's request for an award of reasonable fees and reimbursement of expenses is reasonable, fair, and in all respects consistent with the terms of the Stipulation.

Therefore, on the basis of the foregoing findings of fact and the oral findings of fact articulated at the Final Approval Hearing referenced herein, the Court hereby makes the following:

## II.  CONCLUSIONS OF LAW

1.    The Court has personal jurisdiction over the Plaintiff, Allstate, and Class Members; venue is proper; and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Stipulation, to grant final certification of the Class, to settle and release all claims arising out of the Lawsuit, and to enter this Final Order and Judgment and dismiss this Lawsuit on the merits and with prejudice.

2.     The Court concludes that, for settlement purposes only, the Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the United States Constitution, and all other applicable rules and law, and the Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action.  In connection with the class certification ruling, the Court specifically finds as follows:  the Class Members are ascertainable by an objective standard and are too numerous to be joined; questions of law and fact are common to all Class Members, as required by Rule 23(a)(1) and (2).  Moreover, the common questions of law and fact predominate over any questions affecting only individual members, and a class action is the superior method to fairly and efficiently adjudicate the controversy, as required by Rule 23(b)(3).  The Representative Plaintiff's claims are typical of those of the Class, as required by Rule 23(a)(3).  The Representative Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Class for the purposes of entering into and implementing the Proposed Settlement, as required by Rule 23(a)(4), and Class Counsel meets the standard for appointment set forth in Rule 23(g)(1) and (4).

3.     Based on the Court's review of the evidence submitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form was mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Publication Notice, the automated toll-free telephone number, and the settlement website:  (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.

4.      The Final Approval Hearing and evidence before the Court clearly support a finding that the Stipulation was entered into in good faith after arms-length negotiations between Plaintiff and Allstate, and the Court does hereby so find.

5.      The Court finds that approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice.  Further, the Court finds that the Stipulation is fair, reasonable, and adequate to, and in the best interests of, members of the Class, based on discovery, due diligence, and the absence of material objections sufficient to deny approval.

6.      A review of the following factors supports a finding that the Settlement is fair, reasonable and adequate:

        a.   The strength of the case for the plaintiff on the merits, balanced against the amount offered in the settlement;

        b.   The defendant's overall financial condition and ability to pay;

        c.   The complexity, length and expense of further litigation; and

        d.   The amount of opposition to the settlement.

*Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988) (citing *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 124 (8th Cir. 1975)).

7.      Although the notice campaign was highly successful and resulted in notice being mailed to approximately 13,717 Class Members, only 3 Persons requested exclusion from the Class, and 0 Class Members filed objections to the Stipulation.  The relative lack of exclusion requests and opposition by a well-noticed Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

8.      The Court, in evaluating the fairness, reasonableness, and adequacy of the Settlement, considered all objections that could have been raised by any Class Member.  After

considering all possible objections, the Court finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Van Horn* factors.

9.    The claim process as set forth in the Stipulation is fair, reasonable, and adequate to Class Members.  Any Class Member who did not request exclusion from the Class in accordance with the Stipulation is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

10.    Class Counsel's requests for $412,500.00 in attorneys' fees and expenses and the Representative Plaintiff's service award of $5,000.00, to be paid by Allstate, are fair, reasonable and adequate, based on a review of the following factors:

    a.    The time and labor required;

    b.    The novelty and difficulty of the questions;

    c.    The skill requisite to perform the legal service properly;

    d.    The preclusion of other employment by the attorney due to acceptance of the case;

    e.    The customary fee for similar work in the community;

    f.    Whether the fee is fixed or contingent;

    g.    Time limitations imposed by the client or the circumstances;

    h.    The amount involved and the results obtained;

    i.    The experience, reputation, and ability of the attorneys;

    j.    The undesirability of the case;

    k.    The nature and length of the professional relationship with the client; and

    l.    Awards in similar cases.

*See In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 993 (D. Minn. 2005) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974)); *see also*

*Chrisco v. Sun Indus., Inc.*, 304 Ark. 227, 229, 800 S.W.2d 717, 718-19 (1990) (utilizing a similar multi-factor test in considering whether to award attorneys' fees).

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

2.     Timely requests for exclusion were submitted by 3 potential members of the Settlement Class and those potential Class Members (identified in Exhibit "1" hereto) are excluded from the Settlement Class.  All other potential members of the Settlement Class are adjudged to be members of the Settlement Class and are bound by this Final Order and Judgment and by the Stipulation, including the releases provided for in the Stipulation and this Final Order and Judgment.

3.     Plaintiff's Motion for Final Approval (ECF No. 73) is hereby **GRANTED** and all provisions and terms of the Stipulation are hereby finally approved in all respects.  The Parties to the Stipulation are directed to consummate the terms of the Stipulation in accordance with its terms, as may be modified by subsequent orders of this Court.

4.     This Final Order and Judgment shall be immediately entered as to all claims in the Lawsuit between the Representative Plaintiff and Class Members and Allstate, and Final Judgment is entered approving and adopting all terms and conditions of the Settlement and the Stipulation, fully and finally terminating all claims of the Representative Plaintiff and the Class in this Lawsuit against Allstate, on the merits and with prejudice without leave to amend.  The Court expressly determines that there is no just reason for delay in entering this Final Order and Judgment.

5.     Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiff Michael H. Larey is appointed as the Representative Plaintiff for this Class, and the following

counsel are appointed as counsel for the Class:

| | |
|---|---|
| D. Matt Keil<br>John C. Goodson<br>**KEIL & GOODSON P.A.**<br>406 Walnut St.<br>Texarkana, AR 71854 | William B. Putman<br>**PUTMAN LAW OFFICE**<br>3900 N. Front St., Suite 204<br>Fayetteville, AR 72703 |
| R. Martin Weber, Jr.<br>Richard E. Norman<br>**CROWLEY NORMAN LLP**<br>Three Riverway<br>Suite 1775<br>Houston, TX 77056 | A.F. "Tom" Thompson, III<br>Kenneth P. Castleberry<br>**MURPHY, THOMPSON, ARNOLD,**<br>  **SKINNER & CASTLEBERRY**<br>P.O. Box 2595<br>1141 E. Main St., Suite 300<br>Batesville, AR 72503 |
| James M. Pratt, Jr.<br>**JAMES M. PRATT, JR. P.A.**<br>144 Washington NW<br>P.O. Box 938<br>Camden, AR 71701 | Jack Austin Mattingly, Jr.<br>**MATTINGLY & ROSELIUS, PLLC**<br>13182 N. MacArthur Blvd.<br>Oklahoma City, OK 73142 |
| Matthew L. Mustokoff<br>Richard A. Russo, Jr.<br>**KESSLER TOPAZ MELTZER**<br>  **CHECK, LLP**<br>280 King of Prussia Rd.<br>Radnor, PA 19087 | |

6.     Upon the entry of this Final Order and Judgment, the Representative Plaintiff, all Class Members who did not timely and properly exclude themselves from the Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Order and Judgment and shall be conclusively deemed to have fully released and discharged, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined in the Stipulation, and shall be conclusively bound by this Final Order and Judgment under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree

not to sue any Released Person with respect to any Released Claims. The Representative Plaintiff and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Stipulation. The Stipulation shall be the exclusive remedy for all Class Members with regards to Released Claims.

7. Although the definitions in the Stipulation are incorporated in and are part of this Final Order and Judgment, the following definitions from the Stipulation are repeated for ease of reference:

    a. "Released Claims" means and includes any and all known and Unknown Claims, rights, demands, actions, causes of action, allegations, or suits of whatever kind or nature, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages) arising from or in any way related to depreciation of labor (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of depreciation of labor) in the adjustment and/or payment of any Covered Loss, which have been alleged or which could have been alleged by Plaintiffs in the Litigation, on behalf of themselves and/or on behalf of the Class, to the full extent of res judicata protections but only as related to depreciation of labor, and whether arising under or based on contract, extra-contractual or tort theories, common law or equity, or federal, state or local law, statute, ordinance, rule or regulation. Released Claims do not include any claim for enforcement of the contemplated Stipulation of Settlement and/or Final Order and Judgment.

    b. "Released Persons" means: (i) Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate Vehicle and Property Insurance Company, North Light Specialty Insurance Company, and all of the past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

    c. "Unknown Claim" means claims arising out of facts found hereafter to be other than or different from facts now known or believed to be true, relating to any matter covered by this Stipulation.

8. In order to protect the continuing jurisdiction of the Court and to protect and

effectuate this Final Order and Judgment, the Court permanently and forever bars and enjoins the Representative Plaintiff and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting, or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

9. This Final Order and Judgment, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement, or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, or other document or action related in any way to the Stipulation shall not be: (a) construed as an admission or concession by Allstate of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of Allstate; (b) offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Allstate or that this Lawsuit may be properly maintained as a litigation or arbitration class action; (c) offered into evidence in the Lawsuit or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against Allstate; or (d) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class action against Allstate.

10. This Final Order and Judgment and the Stipulation may be filed in any other action against or by any Released Person in order to support any argument, defense, or counterclaim, including but not limited to those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue

preclusion, or similar defense or counterclaim.

11.   Proprietary Information of Allstate shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and any other attorneys for Plaintiffs in this Lawsuit shall destroy or return to Allstate's Counsel all Proprietary Information in their possession, custody, or control as set forth in the Stipulation.

12.   Class Counsel's Application for Fees (ECF No. 75) is hereby **GRANTED**. Pursuant to Rule 23(h), the Court awards Class Counsel the total sum of $412,500.00 in attorneys' fees and costs.   In addition, the Court awards the Representative Plaintiff a service award of $5,000.00.  The Court hereby finds that these amounts are fair and reasonable.  Allstate shall pay such fees to Class Counsel and the service award to the Representative Plaintiff pursuant to the terms of the Stipulation.  Allstate shall not be responsible for and shall not be liable with respect to the allocation among class Counsel or any other person who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

13.   Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, and in the manner described in the Stipulation.

14.   The Court appoints James W. Tilley as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Stipulation.  The Representative Plaintiff, Class Counsel, Allstate, or Allstate's Counsel, shall not be liable for any act or omission of the Neutral Evaluator.

15.   Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

16.   The Lawsuit is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

17. Without in any way affecting the finality of this Final Judgment, this Court shall retain exclusive continuing jurisdiction over this Action for purposes of:

a. Enforcing the Stipulation and the Settlement;

b. Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

c. Any other matters related or ancillary to any of the foregoing.

**IT IS SO ORDERED**, this 9th day of February, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge